IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPITAL ONE, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| HOURGLASS LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Capital One, N.A. ("Capital One" or "Tenant"), by and through its counsel, files this Complaint against Defendant Hourglass LLC ("Hourglass" or "Landlord") and states as follows:

## NATURE OF THE ACTION

Capital One brings this action against Hourglass for breach of contract and indemnification. Specifically, Hourglass, as Landlord, agreed to indemnify Capital One for any damages it incurs related to the remediation of any environmentally hazardous condition. Capital One discovered toxic mold in the premises it leases from Hourglass and immediately removed it to avoid any further dangerous health conditions. Hourglass admits that the toxic mold existed, but yet it refuses to reimburse Capital One for the cost of remediation in violation of the lease and its indemnification obligations.

## THE PARTIES

1. Capital One is a national banking association with its principal place of business in McLean, Virginia. Capital One is the Tenant in a building at 3435 N. Southport Avenue, Chicago, Illinois (the "Premises").

2.     Hourglass is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Hourglass owns the Premises and serves as Landlord, acting through its agent, Newcastle Retail Management LLC.

## JURISDICTION AND VENUE

3.     This action is between Capital One, a citizen of Virginia, and Hourglass, a citizen of Illinois. Capital One is a citizen of Virginia because it is a national banking association with its main office in McLean, Virginia. Hourglass is a citizen of Illinois because it was formed in Illinois and it maintains its principal place of business in Illinois. Upon information and belief, each of the members of Hourglass is a citizen of Illinois and none of them is a citizen of Virginia. The amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as explained below. This Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

4.     Venue is proper within this district pursuant to 28 U.S.C. § 1391(b) because Hourglass resides in this district, the underlying acts or omissions occurred in this district, and the Premises is in this district.

## STATEMENT OF FACTS

5.     On May 5, 2016, Hourglass, as Landlord, entered into a lease with Capital One, as Tenant, for the Premises (the "Lease").

6.     Under the Lease, Capital One was to construct a bank branch café within the Premises that would serve its customers and the local community. The café also includes significant community space to allow for meetings and other interactions with the public.

7. Landlord represented in Section 26.2(b) of the Lease that: █████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ █████ (Lease, § 26.2(b).)

8. The Lease also provided that the Landlord would reimburse Capital One if Capital One discovered any environmental hazards within the Premises and caused those conditions to be removed and remediated.

9. Specifically, pursuant to Section 26.3 of the Lease, Hourglass agreed to ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████ (Lease, § 26.3.)

10. The Lease very specifically defined what constituted an environmental hazard or discharge and what remediation would include:

    A) Section 26.1(d) ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

3



██ (Lease, § 26.1(d) (emphasis added).)

 B) Section 26.1(a) ██

██ (Lease, § 26.1(a).)

 C) Section 26.1(b) ██

██ (Lease, § 26.1(b).)

 D) Section 26.1(e) ██

(Lease, § 26.1(e).)

 11. An inspection of the Premises after the Lease was executed revealed certain environmental hazards, including asbestos. The Landlord had the asbestos removed and remediated.

 12. However, after taking possession of the Premises and beginning construction on the café area, Capital One discovered an additional environmental hazardous discharge in the form of toxic mold in the basement of the Premises (the "Hazardous Mold Substance").

4

13. Capital One retained an independent third party to analyze the Hazardous Mold Substance to determine whether it needed to be removed and quickly remediated so as not to endanger those who were exposed to it (or could be in the future).

14. Neither Capital One nor any of its agents, employees, or contractors caused the Hazardous Mold Substance.

15. Capital One informed Hourglass of the Hazardous Mold Substance.

16. The Hazardous Mold Substance required remediation to bring the Premises into compliance with the law and to protect Capital One's employees, customers, and any members of the general public using the space from any harmful exposure.

17. Hourglass acknowledged that the toxic mold existed but did not remediate it or pay for the remediation and removal of the Hazardous Mold Substance.

18. Capital One requested that Hourglass reimburse Capital One for the costs and expenses that Capital One incurred in remediating the Premises, but Hourglass wrongfully refused in violation of the Lease.

19. The existence of the Hazardous Mold Substance violates the representations and covenants made by Hourglass to Capital One relating to environmental compliance and hazardous substances. (Lease, § 26.2(b).)

20. The failure of Hourglass to remediate and pay for the Hazardous Mold Substance violates the representations and covenants made by Hourglass to Capital One relating to environmental compliance and hazardous substances. (Lease, 23-24.)

21. Capital One remediated the Hazardous Mold Substance by, among other things, removing parts of the Building affected by the mold, retaining third-party mold

remediation services, and incurring various other costs and expenses to repair and seal masonry and take other steps to prevent future water infiltration.

22. Capital One incurred at least $147,193.26 to remediate the Hazardous Mold Substance in the Building, not including attorneys' fees, costs, and other expenses relating to the remediation and enforcement of Capital One's rights under the Lease.

23. Because Hourglass has not reimbursed Capital One, Hourglass has forced Capital One to incur attorneys' fees and other costs to bring this lawsuit and otherwise enforce its rights under the Lease.

24. All conditions precedent have occurred or otherwise have been waived.

## COUNT I
### (Breach of Contract – Indemnification)

25. Capital One realleges and incorporates by reference herein the allegations in Paragraphs 1-24, as if set forth fully herein.

26. The Lease is a valid and enforceable contract.

27. Capital One has performed all of its obligations under the Lease.

28. Hourglass breached the Lease by failing to meet its obligations, representations, and covenants related to environmental compliance and hazardous substances and by failing to indemnify Capital One for the damages, fees, costs, and other expenses Capital One incurred to remediate the Hazardous Mold Substance in the Premises.

29. Capital One is entitled to damages in the amount of at least $147,193.26, plus interest on such sums.

30. Hourglass is also liable to Capital One for all of the attorneys' fees, costs, and other expenses that Capital One has had to incur in connection with the remediation

and the enforcement of its rights under Section 26, including the fees and costs incurred for having to file this lawsuit.

WHEREFORE, Plaintiff Capital One, N.A. hereby requests: (a) judgment in its favor and against Defendant Hourglass LLC on Count I of this complaint, (b) an award of damages in the amount of at least $147,193.26, plus interest, as well as an amount covering all of the attorneys' fees, costs, and other expenses that Capital One has incurred in connection with the remediation and enforcement of its rights under the Lease, which amounts continue to accrue, and (c) any further relief that this Court deems proper and just.

Dated: May 30, 2018

Respectfully submitted,

/s/ Paul J. Ferak
Paul J. Ferak (ARDC No. 6272208)
Paul F. Stibbe (ARDC No. 6314080)
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400

Attorneys for Plaintiff